# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

FILED

2020 AUG -4  PM 12: 12

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

|  |  |  |
|---|---|---|
| <u>**Eric K. Richardson**</u> | ) | |
| *Petitioner* | ) | |
| | ) | |
| v. | ) | Case No. **6:99-CR-200-Orl-18GJK** |
| | ) | *(Supplied by Clerk of Court)* |
| <u>**Warden: J. M. Henger**</u> | ) | **5:20-Cv-357-oc 37PRL** |
| *Respondent* | ) | |
| *(name of warden or authorized person having custody of petitioner)* | ) | |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.    (a) Your full name:  **Eric Kareem Richardson**

     (b) Other names you have used:  **N/A**

2.   Place of confinement:

     (a) Name of institution:  **Coleman, (Med)**

     (b) Address:  **P.o. Box 1032**

          **Coleman, Fl. 33521-1032**

     (c) Your identification number:  **23952-018**

3.   Are you currently being held on orders by:

   ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.   Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

     (a) Name and location of court that sentenced you:  **Middle District of Florida**

    **Orlando Division 401 WestCCentral Blv. Orlando, Fl. 32801**

     (b) Docket number of criminal case:  **6:99-CR-200-Orl-18B**

     (c) Date of sentencing:  **March 29, 2000**

   ☐ Being held on an immigration charge

   ☐ Other *(explain)*:

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain):* _____

_____

_____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: __Designation and Sentence Computation Center 346 Marine Forces Drive, Grand Frairie, Tx. 75051__

(b) Docket number, case number, or opinion number: __6:99-CR-200-Orl-18GJK__

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):* __My 60 month sentence for a 924(c) Possession of a Firearm During and in Relation to a Drug Trafficking Offense, (ct.5) to be served First in calculating my sentence P.S. 5880.30__

(d) Date of the decision or action: __September 25, 2019__

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes      ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: __BP-9 Coleman (Med) P.O. Box 1032 Coleman, Fl. 33521-1032__

(2) Date of filing: __November 13, 2019__

(3) Docket number, case number, or opinion number: __996840-F1__

(4) Result: __Denied__

(5) Date of result: __November 23, 2019__

(6) Issues raised: __Owe Jail Credit__

_____

_____

_____

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: **Southeast Regional Office Director, 3800 Camp Parkway S.W. Building Atlanta, Ga 30331-6226**

(2) Date of filing: **December 19, 2019 and resubmitted it on March 9, 2020**

(3) Docket number, case number, or opinion number:       **996840-R1/996840-R2**

(4) Result:    **Denied/Rejected**

(5) Date of result: **March 10, 2020**

(6) Issues raised:    **Owe Jail Credit**

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: **Office of General Counsel 320 First Street N.W. Washington, DC 20534**

(2) Date of filing: **Feb 10, 2020/resubmitted March 20, 2020/resubmitted June 16,2020**

(3) Docket number, case number, or opinion number:    **996840-A1, A2, and A3**

(4) Result:    **Denied/ Rejected**

(5) Date of result: **July 13, 2020**

(6) Issues raised:    **Owe Jail Credit**

_____

(b) If you answered "No," explain why you did not file a third appeal:

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☐ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☐ No

If "Yes," provide:

(a)    Date you were taken into immigration custody:

(b)    Date of the removal or reinstatement order:

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes          ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: <u>Motion for Clarification</u>

(b) Name of the authority, agency, or court: <u>Middle District of Florida Orlando Division</u>

<u>401 West Central Blv. Orlando, Fl. 32801</u>

(c) Date of filing: <u>September 26, 2019</u>

(d) Docket number, case number, or opinion number: <u>Docket number 180</u>

(e) Result: <u>Granted/BOP appropriately calculated the defendant sentence.</u>

(f) Date of result: <u>October 24, 2019</u>

(g) Issues raised: <u>In light of United States v. Briscoe, 724 F. App'x 796 (11th cir. 2018) and the conclusion that "a mandatory consecutive sentence under 924(c) must be served before any other sentence for the companion crime of violence or drug trafficking offense</u>

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** <u>Administration or miscalculation of my sentence by the Bureau of Prisons.</u>

_____

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Based on Policy Statement 5880.30 the Bureau issued Policy Instruction require the 924(c) count to be served First and the non-924(c) counts subsequent, regardless of the order in which the counts are imposed in a single J&C. This change notice incorporates revisions to the sentence computation manual (Old Law Pre-CCA-1984) and provides instructions on the manner in which to calculate Old Law pursuit to 924(c)'s

(b) Did you present Ground One in all appeals that were available to you?

☑ Yes          ☐ No

## GROUND TWO: _____

_____
_____
_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____
_____

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☐ No

## GROUND THREE: _____

_____
_____
_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

_____

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not: _____

_____

_____

_____

### Request for Relief

15.  State exactly what you want the court to do:  ~~I would~~ like the courts to have the Designation and
Sentence Computation Center to correct the manner in which my sentence should have been
executed pursuit to their Policy Statement 5880.30.        Thank you.

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

**July 31, 2020**

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: **July 31, 2020**

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC K. RICHARDSON
    PETITIONER
V.
WARDEN: J.M. HENGER
    RESPONDENT

### TITLE 28 U.S.C. 2241
### PETITION/MEMORANDUM OF LAW

Comes Now, Petitioner, Eric K. Richardson files this Memorandum of Law pro se, Petitioner

is a layman of the law, unskilled in the law, and requests this Memorandum of law to be

construed liberally. Haines v. Kerner, 404 U.S. 519 (1972)

### Jurisdiction

The Honorable Court has jurisdiction 1291-92 to 28 U.S.C. 2241 For Writ of Habeas Corpus.

### Statement of the Case

Defendant Eric K. Richardson pro se, hereby respectfully moves this Court to correct the

miscalculation under the BOP policy statement 5880.30, regarding the Court's September 25,

2019 Order (Doc#178)

On January 31, 2019 Mr. Richardson filed pro se, an Emergency Motion requesting a Reduction

in Sentence (Doc#159) On March 14, 2019 the United States Probation Office submitted a Memorandum

(Doc#164) suggesting that the Defendant is eligible for a sentence reduction under Section 404

of the First Step Act only as to his supervised release term because retroactive Application of

the Fair Sentencing Act of 2010 does not impact the guideline range for the Defendant's Imprison-

ment. Then, on April 15, 2019 Mr. Richardson filed an amended Motion For a Sentence Reduction

Pursuant to the First Step Act of 2018 (Doc#167),to which the United States responded in opposi-

n (Doc#169). On July 25, 2019 Mr. Richardson filed an Amended Motion for a Sentence Reduction

Pursuant to the First Step Act of 2018 (The Amended First Step Act Motion) (Doc#172). On July

29, 2019 the Court granted the Amended First Step Act Motion and reduced Mr. Richardson sentence

to 300 months or time-served, whichever is greater, as to counts 1,2,3,4, and 6 (a)nd a consecu-

tive 60 months to count 5 (Doc#173)

On August 12, 2019 Mr. Richardson pro se, and moved for reconsideration of this court's

July 29, 2019 order (Doc#173), requesting a further reduction of his sentence. (Doc#174) The government again opposed Mr. Richardson's requested relief. (Doc#177) On September 25, 2019 the Court found that after renewed consideration of the factors set forth in 18 U.S.C. 3553(a) a further reduction in sentence is warranted an granted Mr. Richardson motion (Doc#178) The Court reduced Mr. Richardson's sentence to time-served as to count 1,2,3,4, and 6 and a consecutive 60 months as to count 5. Upon release from imprisonment, Defendant shall be on supervised release for a term of 8 years.

## LEGISLATIVE BACKGROUND

Base on Policy statement 5880.30 U.S. vs. Gonzales, 117 s.ct 1032,137 L.Ed 132 (1997) the Bureau issued Policy Instruction require the 924(c) count to be served first and the non-924(c) counts subsequent, regardless of the order in which the counts are imposed in a single J&C. This change notice incorporates revision to the Sentence Computation Manual (old Law-Pre-CCA-1984) and provides instruction on the manner in which to calculate Old Law sentence pursuant to Title 18 U.S.C. 924(c) in accordance with U.S. vs. Gonzales, 117 s. CT 1032,137 L.Ed 132(1997) as it pertains to the application of the firearm penalty provision. The change amends aggregation practices/procedures for 924(c)(1) and non-924(c)(1) counts.

The legislative history of the revisions, however, explicitly provides that "The Committee intends that the mandatory sentence under the revise subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense S. Rep No.225, 98th Cong., 2d Sess. 313(1984), reprinted in 1984 U.S.C.C.A&N. 3182, 3492. The Legislative history and the words of the legislative indicate that Congress intended that the 5 years non-parolable sentence be served first, followed by the sentence for the underlying offense. In addition, the term should not be served concurrently.

## ARGUMENT

ON SEPT. 26, 2019 MR. RICHARDSON filed a motion for Clarification regarding defendant's Sentence reduction under the First Step Act of 2018. (Doc#180) On Oct. 16, 2019 United States filed an unopposed respond to Mr. Richardson's sentence to Time-served as to Count 1,2,3,4, and 6 and a consecutive 60 months as to Count V. (emphasis added)

Under the reasoning of Eleventh Circuit case law, the Court order is most naturally read to reduce Richardson's sentence to 60 months on Count 5 (924(c)) plus a consecutive term on the remaining counts equivalent to what Richardson had served as of the date of the order. See United States v. Briscoe, 724 F.Appx 796-799 (11th Cir. 2018)Briscoe to a term of "TIME-SERVED" as to count one (underlying drug conviction) and a term of 60 months as to count two (924(c)) to run consecutive to count one, Briscoe 924(c) mandatory consecutive sentence of 60 months must be served before the sentence for the underlying (or any other) offense.Id. at798-799 (citing Jackson v. United States, 976 F.2d 679, 682 (11th Cir. 1992); United States v. Brundidge, 170 F.3d 1350 1354 (11th Cir. 1999) At the time of the amended Judgment, Briscoe had served about 54 months in prison. Accordingly Briscoe would first serve sixty months on Count Two before beginning to serve his sentence on Count One, and the Eleventh Circuit interpreted the amended judgment's imposition of "TIME SERVED" on count one to be an amount of time equal to the time Briscoe had already served, pursuant to the original judgment, on count Two that is 54 months.

Having served over 20 years of imprisonment in the custody of the BOP. Mr. Richardson has long since served the 5 years term of imprisonment imposed on count 5, he continues now to serve the sentence imposed on the remaning counts. The court Order (Doc#178) reducing his term of imprisonment as to Count 1,2,3,4, and 6 to "TIME SERVED" should therefore resalt in relief not reflected in the BOP's current calculation of his release date.

### Conclusion

After numerous of Inquries to the Bureau of Prison Designation and Sentence Computation Center, concerning the miscalculation of his sentence, they refused to correct it. On September 25, 2019 if DSCC would have recalculated his sentence correctly under (Doc#178) in light of Policy Statement 5880.30, U.S. vs. Gonzales,117 s. ct 1032, 137 L.Ed 132(1992) and Eleventh Circuit precedent, U.S. v. Briscoe, 724 F. Appx 796,799 (11th.Cir 2018), He would have never ask the court for clarification. It is no legal reason for DSCC to place 60 month on his sentence after the Judge granted him "TIME SERVED", Therefore, legally Mr. Richardson have already served the time on count 5, a consecutive 924(c) sentence is served before all other sentences are imposed, per U.S.vs. Gonzales and 11th circuit case law U.S, v. Briscoe. As

3

such, a reduction of his sentence on all other count to "TIME SERVED" should have resulated in immediate release. Mr. Richardson is respectfully asking the Court to order DSCC to reduce his aggregate sentence to a term of time served the originally imposed 5 years sentence as to Count 5 remaining unchanged and have already been discharged to be followed by a term of 8 years supervised release.

Dated    7 / 3 / / 2020

Respectfully Submitted,

*Eric Richardson*

Eric Richardson Reg# 23952-018
B-3 Federal Correctional Complex(Med)
P.O.Box 1032
Coleman, Fl. 33521-1032

4

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document was mailed, via the United States Postal Service, pre-paid, to the clerk of Court and United States Attorney's Office at the address listed below on the date printed below.


Collin P. McDonell
Assistant United States Attorney
United State Attorney 183
400 N. Tampa Street, Suite 3200
Tampa, Fl. 33602-4798


Clerk's Office. United State District Court
Rm 337
201 N.W. Second Street
Ocala, Florida    34475-6666


Date 7 / 31 / 2020

Respectfully Submitted,

_Eric Richardson_
Eric K. Richardson #23952-018

- On September 25, 2019 the Court granted my Motion For Reconsideration and reduced my sentence to time-served as to Count I, II, III, IV and VI, and a consecutive sixty (60) months as to Count V.

- However, once DSCC recalculated my time; instead of them giving me "Time Served" they left me with "consecutive sixty (60) months as to Count V.

- Based on P.S. 5880.30 The Bureau Issued Policy Instructions required the 924 (c) count to be served "first" and the NON-924 (c) counts (I, II, III, IV and VI) subsequent, regardless of the order in which the counts are imposed in a single J&C order.

- This Change Notice incorporates revisions to the Sentence Computation Manual ("Old Law" - Pre-CCCA-1984) and provides instruction on the manner in which to calculate Old Law sentences pursuant to Title 18, U.S.C. 924 (c)(1) in accordance with United States vs. Gonzales, 117 S.Ct 1032, 137 L.Ed 132 (1997) as it pertains to the application of the firearm penalty provisions. This Change amends aggregation practices/ procedures For 924(c)(1) and non-924(c)(1) Counts.

- Therefore, legally I have already served the time on Count V because a consecutive 924 (c) sentence is served "BEFORE" all other sentences imposed, per "U.S. V. Gonzales." As such, a reduction of the sentence on all other Counts to "Time Served" should result in an immediate release.



**U.S. Department of Justice**
Federal Bureau of Prisons
BOP - FCC Coleman-Medium
P.O. Box 1022
Coleman, FL 33521-1022
Phone: (352) 689-5000

March 4, 2020

FROM:      M. Rossignol, Case Manager

TO:        To Whom It May Concern

RE:        RICHARDSON, ERIC K.   # 23952-018
           Administrative Remedy #996840-A1

This memorandum is to request the acceptance of the administrative remedy #996840-A1 for inmate RICHARDSON, Eric, Reg. No. 23952-018.

Inmate Richardson originally filed a BP-9 locally, which was rejected on November 21, 2019. According to the inmate, he filed, and mailed a BP-10 within 20 days of the BP-9 rejection date. After filing the BP-10, inmate Richardson sent multiple TRULINCS email requests to staff, requesting the status of this administrative remedy. Furthermore, inmate Richardson seeked assistance from the Receiving and Discharge (R & D) Department at FCC Coleman – Medium in tracking the letter package which contained the administrative remedy. According to an internet search of the tracking number, and a sentry search of the administrative remedy number, it indicates the letter package was never delivered, and therefore never received by staff to respond.

Staff in the Receiving and Discharge (R & D) Department at FCC Coleman – Medium have verified inmate Richardson did mail the BP-10 before the appointed deadline.

Based on this information, we are respectfully requesting the acceptance of BP-10 administrative remedy #99684-A1. Thank you for your assistance, and please contact me if you need any additional information.

December 4, 2019

## Inmate appeal to the Bureau of Prison, Southeast Regional Case# 996840-F1

ATT: Regional Director
3800 Camp Parkway
SW, Building 2000
Atlanta, GA 30331-6226

On March 29, 2000 in the Middle District of Florida, for Case Number 6:99-CR-200-ORL-18B, I received a sentence of 360 mouths as to count I, II, III, IV and VI, and a consecutive 60 months for count V (924(C)), for a total of 420 months under one single J&C. (See attachment A) In my J&C the Judge did not recommend anything to the BOP on how my sentence should be served, he remained silent on the issue. Once I came to the BOP, DSCC aggregated all counts for one sentencing purposes under their Policy Statement 5880.30.

Based on Policy Statement 5880.30, U.S. vs Gonzales,117 S.CT 1032,137 L.Ed 132 (1997) the Bureau issued Policy Instruction require the 924(C) count to be served first and the non-924(C) counts subsequent , regardless of the order in which the counts are imposed in a single J&C. This changed notice incorporates revisions to the Sentence Computation Manual (Old Law-Pre-CCA-1984) and provides instructions on the manner in which to calculate Old Law sentence pursuit to Title 18, U.S.C 924(C) (1) counts.

September 25, 2019 the courts granted my motion in favor of "The First Step Act" (Motion for a Sentence Reduction under Section 404) and reduce my time to "Time Served" on all counts. (Doc 178) The Order reads as such, (Defendant Eric K. Richardson's sentence is reduced to time-served as to Counts I, II, III, IV and VI and a consecutive sixty (60) months as to Count V.) Once DSCC recalculated my time on September 27, 2019, they neglected to calculate my time in accordance to Policy Statement 5880.30. Instead they left me to serve the (60) months (924(C)). .

My attorney then contacted Grand Prairie in regard to the erroneous calculation, Grand Prairie refused to correct it. So my attorney was force to file a motion to the courts asking for a clarification. (Doc 181) If DSCC would have calculated my time correctly under Doc.178, I would have never asked the court for clarification.

On October 24, 2019 the court issued an Amended Order with the intent to clarify its pervious Order dated September 25, 2019. In this Order Doc.182, the Judge made the statement," The Federal Bureau of Prison appropriately calculated the defendant sentence by reducing Defendant's sentence on September 25, 2019 to time served on counts 1, 2, 3, 4, 6, and a consecutive (60) months term of imprisonment as to count 5 (924(C)). Commencing 'Immediately, and the Federal Bureau of Prison does not need to recalculate Defendant's current release date as suggested by the defendant".

In my J&C and the September 25, 2019 Order Doc. 178, the Judge never used the language "Commencing Immediately" or "His Intent". The Judge's intent and him legally altering my J&C to reflect "Commencing Immediately" is two different and distinct legal approaches. When a person intended to do something, that is defined as, (wish-for,anticipated,aimed etc). It's no legal reason why Grand Prairie has the authority to place (60) months on my sentence after the Judge has given me "Time Served". Policy Statement 5880.30 and 11th circuit case law U.S vs Briscoe which the Judge acknowledge in my order, states that, mandatory time for 924(C)'s is served first and all other counts last. "Therefore, legally I have already served the time on count V. A consecutive 924(C) sentence is served before all other sentences are imposed, per U.S vs Gonzales. As such, a reduction of my sentence on all other counts to "Time Served" should have resulted in immediate release.

*Does the Judge mistake or what he intended trump Policy Statement 5880.30 or Case Law?
*On my September 25, 2019 Oder Doc.178, should my sentence have been recalculated in light of "U.S vs Gonzales"?
*Is DSCC required to sentence me according to my J&C?

C/O Eric Richardson #23952-018
Federal Correction Complex (MED)
P.O. Box 1032
Coleman, Fla 33521

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO: 6:99-cr-200-Orl-18GJK

ERIC K. RICHARDSON

_____

## ORDER

This matter is before the Court on Defendant Eric K. Richardson's Motion for Reconsideration (Doc. 174), to which Plaintiff United States of America filed a response in opposition (Doc. 177). As set forth below, the Motion for Reconsideration will be granted.

On March 29, 2000, Defendant was sentenced on three counts of possession with intent to distribute cocaine base (Counts I, II, and III), one count of possession with intent to distribute cocaine hydrochloride and cocaine base (Count IV), one count of possession of a firearm during and in relation to a drug trafficking offense (Count V), and one count of possession of a firearm by a felon (Count VI). (*See* Doc. 69.) At sentencing, Defendant faced enhanced penalties pursuant to 21 U.S.C. § 851, and he received a sentence of three hundred sixty (360) months on Counts I,II,III,IV, and VI, a consecutive sixty (60) months on Count V, and ten years supervised release. (*Id.* at 1-3; *see* Doc. 24.) Subsequently, on January 31, 2019, Defendant filed an Emergency Motion Requesting Reduction in Sentence (Doc. 159). On March 14, 2019, the United States Probation Office submitted a memorandum (Doc. 164) suggesting that Defendant is eligible for a sentence reduction under Section 404 of the First Step Act only as to his supervised release term because retroactive application of the Fair Sentencing Act of 2010 does not impact the guideline range for Defendant's imprisonment. (*Id.* at 1-3.) Then, on April 15, 2019, Defendant filed an amended Motion for Sentence Reduction Pursuant to the First Step Act of 2018 (Doc. 167), to which the United States responded in opposition (Doc. 169). On July 15, 2019, Defendant filed an Amended Motion for Sentence Reduction Pursuant to the First Step Act of 2018 (the "Amended First

Step Act Motion") (Doc. 171), to which the United States responded in opposition (Doc. 172). On July 29, 2019, the Court granted the Amended First Step Act Motion and reduced Defendant's sentence to 300 months or time-served, whichever is greater, as to Counts I, II, III, IV, and VI; and a consecutive sixty (60) months as to Count V. (the "First Step Order") (Doc. 173). The Court also ordered that, upon release from imprisonment, Defendant shall be on supervised release for a term of 8 years. (*Id.* at 2.) Defendant now asks the Court to reconsider the First Step Order and further reduce his sentence. (Doc. 174 at 1-3.)

The Court has taken into consideration the time that Defendant has served and Defendant's good conduct while incarcerated that shows that Defendant can and has been rehabilitated. After renewed consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that a further reduction in Defendant's sentence is warranted. In accord with 18 U.S.C. § 3553(a), a reduced sentence is "sufficient, but not greater than necessary" to reflect the seriousness of Defendants' offenses, respect the law, provide just punishment for Defendant's offenses, afford adequate deterrence, protect the public, and provide for Defendant's rehabilitation in the most effective manner. *See* 18 U.S.C. § 3553(a). Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Eric K. Richardson's Motion for Reconsideration (Doc. 174) is **GRANTED.** Defendant Eric K. Richardson's sentence is reduced to time-served as to Counts I, II, III, IV, and VI, and a consecutive sixty (60) months as to Count V. Upon release from imprisonment, Defendant Eric K. Richardson shall be on supervised release for a term of eight (8) years. In all other respects, Defendant Eric K. Richardson's sentence remains unchanged.

**DONE** and **ORDERED** in Orlando, Florida, this 25 day of September, 2019.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

2

Copies of *Richardson Order on Motion for Reconsideration*:

United States Marshal
United States Attorney
United States Probation Office
Counsel for Defendant

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 6:99-cr-200-Orl-18GJK

ERIC K. RICHARDSON

ORDER

This matter is before the Court on Defendant Eric K. Richardson's Motion for Clarification Regarding Defendant's Sentence Reduction under the First Step Act of 2018 (the "Motion for Clarification") (Doc. 180), to which Plaintiff United States of America filed a response (Doc. 181).

On March 29, 2000, Defendant was sentenced on three counts of possession with intent to distribute cocaine base (Counts I, II, and III), one count of possession with intent to distribute cocaine hydrochloride and cocaine base (Count IV), one count of possession of a firearm during and in relation to a drug trafficking offense (Count V), and one count of possession of a firearm by a felon (Count VI). (*See* Doc. 69.) At sentencing, Defendant faced enhanced penalties pursuant to 21 U.S.C. § 851, and he received a sentence of three hundred sixty (360) months on Counts I, II, III, IV, and VI, a consecutive sixty (60) months on Count V, and ten (10) years supervised release. (*Id.* at 1-3; *see* Doc. 24.) Subsequently, on July 29, 2019, the Court granted Defendant's Amended Motion for Sentence Reduction Pursuant to the First Step Act of 2018 (Doc. 171) and reduced Defendant's sentence to 300 months or time-served, whichever is greater, as to Counts I, II, III, IV, and VI, and a consecutive sixty (60) months as to Count V. (Doc. 173 at 2.) The Court also ordered that, upon release from imprisonment, Defendant shall be on supervised release for a term of 8 years. (*Id.*) Then, on September 25, 2019, the Court granted Defendant's Motion for Reconsideration (Doc. 174) and reduced Defendant's sentence to time-served as to Counts I, II,

III, IV, and VI, and a consecutive sixty (60) months as to Count V (the "Reconsideration Order") (Doc. 178). Now, Defendant asks for clarification as to whether the Court intended to reduce Defendant's "aggregate sentence to a term of time-served—the originally imposed 5-year sentence as to Count Five remaining unchanged and having already been discharged—to be followed by a term of 8 years' supervised release." (Doc. 180 at 4.) Alternatively, Defendant requests clarification that "the Court intended that [Defendant's] sentence as to Counts One, Two, Three, Four, and Six, be reduced to time served, with the consecutive 5-year sentence as to Count Five to commence running as of the date of the Court's Order, Doc. 178." (*Id.*)

As set forth in the Court's Reconsideration Order, the Court previously considered "the time that Defendant has served and Defendant's good conduct while incarcerated" and found that Defendant "can and has been rehabilitated." (Doc. 178 at 2.) However, the Court did not intend to suggest that Defendant has been completely rehabilitated and is, therefore, due to be immediately released from incarceration. The Court recognizes *United States v. Briscoe*, 724 F. App'x 796 (11th Cir. 2018) and the conclusion that, "a mandatory consecutive sentence under § 924(c) must be served before any other sentence for the companion crime of violence or drug trafficking offense." *Id.* at 799. However, in accord with 18 U.S.C. § 3553(a), a sentence of time-served on Counts I, II, III, IV, and VI, and a remaining sentence of sixty (60) months on Count V to commence running as of the date of the Reconsideration Order is "sufficient, but not greater than necessary" to reflect the seriousness of Defendant's offenses, respect the law, provide just punishment for Defendant's offenses, afford adequate deterrence, protect the public, and provide for Defendant's rehabilitation in the most effective manner. *See* 18 U.S.C. § 3553(a). The Federal Bureau of Prisons appropriately calculated Defendant's sentence by reducing Defendant's sentence on September 25, 2019 to time-served on Counts I, II, III, IV, and VI, with a consecutive

sixty (60) month term of imprisonment as to Count V commencing immediately, and the Federal Bureau of Prisons does not need to recalculate Defendant's current release date as suggested by Defendant. (*See* Doc. 180 at 3-4.) Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Eric K. Richardson's Motion for Clarification (Doc. 180) is **GRANTED** in that the Reconsideration Order (Doc. 178) is clarified as set forth above. **Defendant Eric K. Richardson's sentence remains unchanged.**

**DONE** and **ORDERED** in Orlando, Florida, this 24 day of October, 2019.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies of *Richardson Clarification Order* to:

United States Marshal
United States Attorney
United States Probation Office
Counsel for Defendant

3

Ⓐ

RECEIVED
U.S. MARSHAL
00 APR -3 PH 4: 42
ORLANDO

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Page 1 of 6

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

-vs-

ERIC K. RICHARDSON

6:99-CR-200-ORL-18B

Darlene M. Geiger, FPD

**JUDGMENT IN A CRIMINAL CASE**

The defendant was found guilty on Count One, Two, Three, Four, Five and Six of the Indictment.
Accordingly, the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 USC 841(a)(1) | Possession With Intent to Distribute Cocaine Base | July 1, 1999 | One |
| 21 USC 841(a)(1) | Possession With Intent to Distribute Cocaine Base | July 2, 1999 | Two |
| 21 USC 841(a)(1) | Possession With Intent to Distribute Cocaine Base | July 15, 1999 | Three |
| 21 USC 841(a)(1) | Possession With Intent to Distribute Cocaine Hydrochloride and Cocaine Base | July 16, 1999 | Four |
| 18 USC 924(c)(1) | Possession of a Firearm During and In Relations to a Drug Trafficking Offense | July 16, 1999 | Five |
| 18 USC 922(g)(1) | Possession of a Firearm During and In Relations to a Drug Trafficking Offense | July 16, 1999 | Six |

The defendant is sentenced as provided in the following pages of this judgment. The sentence
is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution
Act of 1996.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this
district within 30 days of any change of name, residence, or mailing address until all fines,
restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    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
Defendant's Date of Birth:    May 10, 1974
Deft's U.S. Marshal No.:    23952-018
Defendant's Mailing Address:
    5105 W. Washington St.
    Orlando, FL 32811
Defendant's Residence Address:
    John E. Polk Correctional Facility
    211 Bush Blvd.
    Sanford, FL 32773

Date of Imposition of Sentence:
    March 29, 2000

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE
March 31 ,2000

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 420 Months, 360 Months as to Counts One, Two, Three, Four and Six and a consecutive 60 Months as to Count Five.

The Court recommends to the Bureau of Prisons:

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on ____5-16-00____ to ___WARDEN_____

at _____FAI_____, with a certified copy of this judgment.

5-8-00
per to
USPAB
p 2v
mzr ut

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 10 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

Page 4 of 6

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $600.00 | No Fine Imposed | No Restitution Ordered. |

The Special Assessment shall be due immediately.

Thursday, March 05, 2020
1/31/2020

## Inmate Appeal to the Office of General Counsel Case Number 996840-F1

ATT: Office of General Counsel
Bureau of Prison
320 First Street NW
Washington, DC 20534

On March 29, 2000 in the Middle District of Florida, for Case Number 6:99-CR-200-ORL-18B, I received a sentence of 360 mouths as to count I, II, III, IV and VI, and a consecutive 60 months for count V (924(C)), for a total of 420 months under one single J&C. (See attachment A) In my J&C the Judge did not recommend anything to the BOP on how my sentence should be served, he remained silent on the issue. Once I came to the BOP, DSCC aggregated all counts for one sentencing purposes under their Policy Statement 5880.30.

Based on Policy Statement 5880.30, U.S. vs Gonzales,117 S.CT 1032,137 L.Ed 132 (1997) the Bureau issued Policy Instruction require the 924(C) count to be served first and the non-924(C) counts subsequent , regardless of the order in which the  counts are imposed  in a single J&C. This changed notice incorporates revisions to the Sentence Computation Manual (Old Law-Pre-CCA-1984) and provides instructions on the manner in which to calculate Old Law sentence pursuit to Title 18, U.S.C 924(C) (1) counts.

September 25, 2019 the courts granted my motion in favor of "The First Step Act" (Motion for a Sentence Reduction under Section 404) and reduce my time to "Time Served" on all counts. (Doc 178) The Order reads as such, (Defendant Eric K. Richardson's sentence is reduced to time-served as to Counts I, II, III, IV and VI and a consecutive sixty (60) months as to Count V.) Once DSCC recalculated my time on September 27, 2019, they neglected to calculate my time in accordance to Policy Statement 5880.30. Instead they left me to serve the (60) months (924(C)). .

My attorney then contacted Grand Prairie in regard to the erroneous calculation, Grand Prairie refused to correct it. So my attorney was force to file a motion to the courts asking for a clarification. (Doc 181) If DSCC would have calculated my time correctly under Doc.178, I would have never asked the court for clarification.

On October 24, 2019 the court issued an Amended Order with the intent to clarify its pervious Order dated September 25, 2019. In this Order Doc.182, the Judge made the statement," The Federal Bureau of Prison appropriately calculated the defendant sentence by reducing Defendant's sentence on September 25, 2019 to time served on counts 1, 2, 3, 4, 6, and a consecutive (60) months term of imprisonment as to count 5 (924(C)). Commencing 'Immediately, and the Federal Bureau of Prison does not need to recalculate Defendant's current release date as suggested by the defendant".

In my J&C and the September 25, 2019 Order Doc. 178, the Judge never used the language "Commencing Immediately" or "His Intent". The Judge's intent and him legally altering my J&C to reflect "Commencing Immediately" is two different and distinct legal approaches. When a person intended to do something, that is defined as, (wish-for,anticipated,aimed etc). It's no legal reason why Grand Prairie has the authority to place (60) months on my sentence after the Judge has given me "Time Served". Policy Statement 5880.30 and 11th circuit case law U.S vs Briscoe which the Judge acknowledge in my order, states that, mandatory time for 924(C)'s is served first and all other counts last. "Therefore, legally I have already served the time on count V. A consecutive 924(C) sentence is served before all other sentences are imposed, per U.S vs Gonzales. As such, a reduction of my sentence on all other counts to "Time Served" should have resulted in immediate release.

*Does the Judge mistake or what he intended trump Policy Statement 5880.30 or Case Law?
*On my September 25, 2019 Oder Doc.178, should my sentence have been recalculated in light of "U.S vs Gonzales"?
*Is DSCC required to sentence me according to my J&C?

C/O Eric Richardson #23952-018
Federal Correction Complex (MED)
P.O. Box 1032
Coleman, Fla 33521

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 21, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : ERIC K RICHARDSON, 23952-018
      COLEMAN MED FCI     UNT: B 3-4     QTR: B05-019L
      P.O. BOX 1022
      COLEMAN,  FL 33521

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 996840-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED    : FEBRUARY 10, 2020
SUBJECT 1        : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: SEE REMARKS.

REMARKS          : NO RECORD OF YOUR APPEAL BEING RECEIVED AT THE
                   REGIONAL LEVEL. GET HELP FROM UNIT TEAM.

|  |  | CRAMPING/BLOOD STOOL/GAS NEEDS/COLONSCOPY |  |  |  |
|---|---|---|---|---|---|
|  | 26BM/<br>COM | COM 01-19-2010 CLO 02-10-2010 |  |  |  |
| 621401-F1 | 26BM/<br>COM | SEE SPECIALIST RE: PROBS WITH INTERNAL ORGANS |  |  |  |
|  |  | COM 01-06-2011 CLO |  |  | 02-10-2011 |
| 996840-F1 | 30AM/<br>COM | FIRST STEP ACT (JAIL CREDIT) |  |  |  |
|  |  | COM | 11-13-2019 | CLD | 11-21-2019 |
| 996840-R2 | 30AM/<br>SER | FIRST STEP ACT (JAIL CREDIT) |  |  |  |
|  |  | COM | 12-19-2019 | CLO | 04-02-2020 |
| 996840-A1 | 30AM/<br>BOP | FIRST STEP ACT (JAIL CREDIT) |  |  |  |
|  |  | COM | 02-10-2020 | REJ | 02-21-2020 |
| 996840-R1 | 30AM/<br>SER | FIRST STEP ACT (JAIL CREDIT) |  |  |  |
|  |  | COM | 03-09-2020 | REJ | 03-10-2020 |
| 996840-A2 | 30AM/<br>BOP | FIRST STEP ACT (JAIL CREDIT) |  |  |  |
|  |  | COM | 04-20-2020 | REJ | 05-22-2020 |
| 996840-A3 | 30AM/<br>BOP | FIRST STEP ACT (JAIL CREDIT) |  |  |  |
|  |  | COM | 06-16-2020 | REJ | 07-13-2020 |

RCV-OFC RCV-FACL DATE-RCV STATUS STATUS-DATE
8 REMEDY SUBMISSION(S) SELECTED
G0000 TRANSACTION SUCCESSFULLY COMPLETED

**Response to Request for Administrative Remedy Case Number: 996840-F1**

This is in response to your Administrative Remedy receipted on November 13, 2019; in which you are stating you have served all your time and you shall be immediately released. Specifically, you are requesting credit for time served.

An investigation into this matter reveals you were sentenced in the U.S. District Court, Middle District of Florida, on March 29, 2000, for, case number: 6:99-CR-200-ORL-18B, receiving a sentence of 420 months as follows: counts 1, 2, 3, 4 and 6, (360 months) and a **consecutive** 60 months on count 5, for a total of 420 months.

On September 25, 2019, a federal Judge reduced your sentence to time served on counts 1, 2, 3, 4, and count 6; however, the order specified you were to begin a **consecutive 60 months** on count 5.  On October 24, 2019, a federal Judge issued a second order with the intent to clarify his previous order dated September 25, 2019. In this order the Judge made the following statement: **"The Federal Bureau of Prisons appropriately calculated the defendants sentence by reducing Defendant's sentence on September 25, 2019, to time-served on counts 1, 2, 3, 4, and 6, with a <u>consecutive</u> sixty month term of imprisonment as to count 5 commencing immediately, and the Federal Bureau of Prisons does not need to recalculate Defendant's current release date as suggested by the defendant."**

Your sentence has been appropriately calculated by the Designation and Sentence Computation Center (DSCC) and you are now serving your consecutive 60 month sentence for count 5 on case number 6:99-CR-200-ORL-18B.

Therefore, your Request for Administrative Remedy is **Denied.**

If you are dissatisfied with this response, you may appeal by filing a BP-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

_____          ___11/26/19._____

E. K. Carlton, Warden                                    **Date**